me opinion oí tne uourt was delivered by
Cheves, J.
Wagers are not illegal, merely as wagers.[3] They are only illegal, when forbidden by some statutary provision ; when they are calculated to injure third persons, and thereby disturb the peace and comfort of society, or when they militate against the morality or sound policy of the State ; Good v. Elliott, (3 T. R. 693, 695.) It will be very obvious, that this, like any other definition which may have been attempted on the subject, is greatly wanting in precision. There is no difficulty, however, in the present case; for wagers on horse-racing, have not been deemed illegal, either at common law, or under the statutes, if they be fair and under the sums specified in the statutes. The statute of 16 Car. 2, c. 7, makes void all wagers won on horseraces, above the sum of 100Z. The statute of Ann, does not expressly mention horse races; but the decided cases have considered them as included under the *words “ other games,” in that statute ; and the amount within which they shall be legal, is limited by the statute of Ann to 10l. Goodburn v. Norley, (2 Stra. 1159;) Blaxton v. Pye, (2 Wils. 309;) Clayton v. Jennings, (2 Bl. 706.) The statute of Ann does not, like the statute of Car. in express terms, declare wagers under 10l. to be void; (2 New Rep. 415,) *108 Vaughan v. Whitcomb;) but it provides, that all sums above 10Í. may, though paid, be recovered back, if suit be brought within three months ; and of necessity their recovery, when not paid, by a suit at law, is forbidden.
Fraser, for the motion. Richardson, Attorney-General, contra.
Iu this case, the wager is stated in the pleadings to have been a wager by which the plaintiff won sixty dollars, and the action is brought to recover this sum. From the view we have just taken, this demand is clearly not recoverable. The counsel for the plaintiff, in argument, relied upon a dictum from 2 Com. on Contracts, 504, Am. Ed., which says, “ a wager on a horse race, is void by those statutes, if made by persons who are not owners of the horses intended to be run.” The distinction was not supported by the facts of the case, if founded in law. But it is not, in this State. Though the statutes of 9 Ann and 16 Car. only be referred to, in the margin of the authority, it is evident that it refers, for this exception, to the 13 Geo. 2. The author had immediately before recited a decision of Lord Eldon, on the statutes of 13 & 18 Geo. 2; and although he refers to the statutes against gaming generally, in the text, and if the marginal reference be correct, quotes only those of Car. & Ann; yet, evidently he founded this distinction on the 13 Geo. 2, (vide argument of counsel in Ximines v. Jaques, 6 T. Rep. 500,) which is not of force in this State; and clearly, there is no such exception under the statutes of 16 Car. & 9 Ann.
The Act of Assembly of the 19th December, 1816,[1] page 7, which was alluded to by the counsel for the defendant, was passed posterior to this transaction, and cannot, therefore, apply to this case. But it does not include horse-racing, either by its letter or spirit.
we al'e all of opinion that the bet was void under the statutes 16 Car. & Ann ; and, therefore, that a new trial must be granted.
All the judges concurred:

 All wagers beld unlawful. Rice v. Gist, 1 Strob. 82. See 9 Rich. 268; 6 Rich. 45, 294.

 6 Stat. 26.